IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-03612-CNS-CYC

THOMAS NEILSEN,

Plaintiff,

v.

GEORGE H. BRAUCHLER, in his official capacity as District Attorney for the Colorado's 23rd Judicial District, formerly District Attorney for the 18th Judicial District and JIM TSURAPAS, in his official capacity as Chief of Police of the Parker Police Department,

Defendants.

---

**ORDER**

---

Before the Court are Plaintiff's fully briefed objections, ECF No. 41, to the United States Magistrate Judge's recommendation, ECF No. 40, in which the magistrate judge recommends granting Defendants' motions to dismiss and dismissing Plaintiff's claims without prejudice. For the reasons set forth below, the Court OVERRULES the objections, AFFIRMS AND ADOPTS the recommendation, and GRANTS Defendants' motions to dismiss. ECF No. 17; ECF No. 23. In doing so, the Court presumes familiarity with this case's factual and procedural background, and the legal standards governing the Court's analysis. *See, e.g.,* Fed. R. Civ. P. 72; 28 U.S.C. § 636.

## I. SUMMARY FOR *PRO SE* PLAINTIFF

You have filed objections to the magistrate judge's recommendation that your claims should be dismissed without prejudice. The Court agrees with the magistrate judge that a case you cite in your objections, *Heck v. Humphrey*, means your case should be dismissed. Accordingly, the Court overrules your objections and dismisses your claims.

## II. ANALYSIS

*First*, Plaintiff objects to the recommendation on the grounds that the recommendation "recharacterizes this action as a § 1983 claim without addressing the equitable action actually pleaded under *Ex Parte Young.*" ECF No. 41 at 3 (capitalization omitted). But as Defendant Tsurapas recognizes, the magistrate judge's characterization is not only correct—and is premised on construing Plaintiff's allegations liberally, *see* ECF No. 40 at 5—but further that the relief that Plaintiff seeks is not prospective, and is instead retrospective. *See* ECF No. 42 at 2–3. The magistrate judge correctly observed the same throughout the recommendation, and the Court agrees with both Defendant Tsurapas and the magistrate judge that Plaintiff's requested relief is retrospective—rather than prospective—in nature, thus rendering *Ex Parte Young* inapplicable. *See id.*; ECF No. 40 at 6–7 ("The short of it is that the core of the plaintiff's complaint is a bid to undo his conviction."); *K. A. v. Barnes*, 134 F.4th 1067, 1075 (10th Cir. 2025) ("*Ex parte Young* may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past." (citation modified)). Defendant Brauchler advances the same argument in his response, with which the Court also agrees. *See* ECF No. 43 at 2.

*Second*, Plaintiff errs in arguing that the recommendation failed to address "whether *Heck* applies to a plaintiff who has no available habeas remedy." ECF No. 41 at 5 (citation modified). The magistrate judge cited and discussed a case previously filed by Plaintiff in this judicial district which stated clearly that "[t]he *Heck* prior-invalidation rule does not apply, however, to convicted criminals who are not in custody and, through no lack of diligence on their part, have no available habeas remedy." *Neilsen v. Brauchler*, No. 1:18–cv–03205–DDD–NRN, 2023 WL 11930902, at *4 (D. Colo. Feb. 23, 2023). The magistrate judge's later analysis recognized this principle. *See* ECF No. 40 at 5. Thus, the Court agrees with Defendant Tsurapas that the magistrate judge did consider the availability of any habeas remedy, *see* ECF No. 42 at 4, and overrules Plaintiff's objection on the basis that the magistrate judge did not adequately consider whether any habeas remedy was available, *see* ECF No. 41 at 5.

Regardless, engaging in *de novo* review of the recommendation and relevant procedural history, the Court agrees with the analysis in prior cases involving Plaintiff and Defendant Tsurapas that Plaintiff failed to diligently pursue a possible habeas remedy. *See Neilsen*, 2023 WL 11930902, at *5 ("It thus appears that Mr. Neilsen did have an available habeas remedy, but he failed to diligently pursue that remedy . . . . Because Mr. Neilsen's current inability to obtain habeas relief is due to his own lack of diligence, the *Heck* bar is not lifted."); ECF No. 42 at 4 ("As stated above, a prior Colorado District Court already ruled on this issue, and the Recommendation took judicial notice of that ruling, finding Plaintiff had a habeas remedy available, failed to exercise that relief, and failed to

establish that inability to exercise his habeas remedy was not due to his own lack of diligence.").

*Third*, Plaintiff objects because the recommendation "applied a standard broader than *Heck*'s 'necessarily imply the invalidity' test." ECF No. 41 at 7. Not so. The magistrate judge both articulated and applied the proper *Heck* standard, even quoting the language that Plaintiff accuses the magistrate judge of having disregarded. *See* ECF No. 40 at 5 ("request for declaratory relief 'based on allegation . . . that necessarily imply the invalidity of the punishment imposed' was not cognizable" (quoting *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)). In other words, the magistrate judge did not "skip an essential analytical step," ECF No. 41 at 8, in analyzing and concluding that *Heck* bars "[P]laintiff's sought relief," ECF No. 40 at 6. In sum, the Court agrees with both the magistrate judge's articulation and application of *Heck*, as well as that *Heck* bars the relief that Plaintiff seeks. *See, e.g.,* ECF No. 40 at 6. Plaintiff fails to persuade otherwise, and his citation to *Olivier v. City of Brandon, Mississippi,* 607 U.S. 552 (2026), is unavailing, given that as Defendant Tsurapas observes, *Olivier* is factually distinguishable, *see* ECF No. 42 at 4 (correctly explaining *Olivier* distinctions and that Plaintiff requests relief that would "undermine the validity of his underlying conviction, which is barred by *Heck*" (citation modified)).

*Fourth*, Plaintiff contends that he should be granted leave to amend, *see* ECF No. 41 at 10, rather than have his claims be dismissed without prejudice, as recommended by the magistrate judge, *see* ECF No. 40 at 8. But the Court agrees with the magistrate judge that dismissal without prejudice is the proper course. *See, e.g., Fottler v. United*

*States*, 73 F.3d 1064, 1065 (10th Cir. 1996); *Todd v. United States Fed. Corp*., No. 17–cv–00599–GPG, 2018 WL 10561431, at *3 (D. Colo. Sept. 7, 2018), *aff'd*, 780 F. App'x 642 (10th Cir. 2019). Accordingly, the Court overrules Plaintiff's objection and denies his request for leave to amend.

* * *

For the reasons set forth above, the Court OVERRULES Plaintiff's objections, ECF No. 41, and AFFIRMS and ADOPTS the magistrate judge's recommendation, ECF No. 40, as an order of this Court. Defendant Brauchler's motion to dismiss, ECF No. 17, and Defendant Tsurapas's motion to dismiss, ECF No. 23, are GRANTED. To the extent that Defendant Brauchler further seeks attorney's fees and costs, *see* ECF No. 43 at 3, he must seek such fees and costs through a separate motion. The Clerk of Court is directed to enter judgment and close this case.

DATED this 23rd day September of 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge